# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PAUL DISMUKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 12-cv-8800 |
| ADMINISTRATIVE OFFICE OF THE | ) |
| ILLINOIS COURTS et al., | ) |
| | ) |
| Defendants. | ) Judge Sharon Johnson Coleman |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul Dismukes, *pro se*, filed his initial complaint on November 2, 2012, and filed an Amended Complaint on January 7, 2013, alleging employment discrimination and post-employment discrimination based on race as well as state claims for defamation, intentional infliction of emotional distress and civil conspiracy against the State of Illinois, Supreme Court of Illinois, Administrative Office of the Illinois Courts, the Illinois Department of Employment Security, Board of Review, and several individual defendants. Defendants move to dismiss the Amended Complaint [59] in its entirety. This Court heard oral argument on defendants' motion on June 23, 2014. For the reasons stated herein, the Court grants defendants' motion and dismisses the complaint with prejudice.

**Background**

The Amended Complaint contains six counts:

**Count I** – alleges employment discrimination under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983; Dismukes alleges that the defendants discriminated against him on or beginning on October 22, 2012, when his supervisors defendants Tardy and Meis terminated his employment with the

Administrative Office of the Illinois Courts ("AOIC"), gave no reason for his termination, and hired a white woman as his replacement.

**Count II** – alleges post-employment retaliation under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983; Dismukes alleges that the AOIC contacted the State of Illinois (Illinois Dept of Employment Security "IDES") to deny Dismukes' claim for unemployment compensation. Dismukes alleges that the IDES initially granted him unemployment benefits, but corrected its determination after defendant Edge "manipulated plaintiff's unemployment file to suggest that Eloise R. Chambers, a former employee, issued the corrected determination." Dismukes further alleges that defendants Tardy and Meis testified in March 2011 that Dismukes was terminated for disciplinary reasons leading to the IDES Board of Review's June 2011 decision that Dismukes had committed misconduct resulting in his denial of his unemployment benefits. In October 2011, the Circuit Court of Cook County affirmed the decision of the IDES Board of Review.

**Count III** – alleges defamation *per se* by Tardy and Meis; Dismukes alleges that his supervisors, Tardy and Meis, committed defamation per se by testifying before the IDES that Dismukes was terminated for workplace misconduct.

**Count IV** – alleges defamation *per se* by the individual members of the IDES Board of Review; Dismukes alleges that the individual board members made or knowingly conspired and agreed to make false statements that Dismukes committed misconduct because of his behavior in a meeting with his immediate supervisor on October 19, 2010.

**Count V** – alleges intentional infliction of emotional distress; Dismukes alleges that defendants actions in the hearings within the State of Illinois and subsequent judicial proceedings were intentional, reckless, extreme and outrageous causing Dismukes to suffer physical and emotional distress.

**Count VI** – alleges civil conspiracy (42 U.S.C. § 1985, 42 U.S.C. § 1986); Dismukes alleges that the

individual defendants at the State of Illinois agreed and conspired to defame plaintiff and deny his

unemployment benefits. Dismukes appears to allege that the Circuit Court of Cook County, Illinois

Appellate Court, and Illinois Supreme Court participated in the conspiracy by first affirming the

IDES Board of Review decision, declining to render a decision on the appeal, and "using its official

position to refuse appellate review of plaintiff's case to further perpetrate their continual tortious

acts of discrimination, post-employment retaliation, defamation, and intentional infliction of

emotional distress."

**Legal Standard**

Defendants move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure

to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Federal

Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement of a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although Rule 8 does not require a plaintiff to plead particularized facts, the factual allegations in

the complaint must sufficiently raise a plausible right to relief above a speculative level. *Arnett v.

Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When considering a motion to dismiss for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all well-

pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the

plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Discussion**

I.      *Title VII Claims (Counts I and II)*

Defendants move to dismiss plaintiff's Title VII claims for two reasons: (a) the claims are

untimely because Dismukes failed to file the EEOC charge within the 300 day limitation; and (b)

with the exception of the AIOC, none of the defendants were Dismukes' employer within the meaning of Title VII.

Dismukes concedes that he failed to file the EEOC charge within the 300 day limitation. He argues however that this Court should toll the statute of limitations, asserting three theories: a continuing violation, equitable estoppel, or fraudulent concealment. Attempting to assert a continuing violation, Dismukes suggests that somehow the fact of his supervisors' testimony at the IDES hearing constitutes a continuing violation. He argues that "defendants' acts of retaliation after his October 19, 2010, conversation with Marcia Meis continued to harm him after he left state employment." (Pl.'s Resp. Br. Dkt. 62-2 at 4). Without more factual explanation, the Amended Complaint does not put defendants on adequate notice of the continuing acts of discrimination for which they are being sued.

Dismukes does not allege acts constituting a continuing violation of his rights following his October 22, 2010, termination. He makes precisely the same claim of retaliation as the plaintiff in *Frederick v. Henderson; i.e.*, that the defendants continued to discriminate against him by challenging his claim for unemployment benefits and the subsequent litigation of the denial of those benefits. In *Frederick v. Henderson*, 232 F.Supp.2d 901 (N.D.Ill. 2002), relied on by defendants, the plaintiff alleged that the defendant USPS retaliated against her by lying about the reason for her termination (saying that it was misconduct), in order to prevent the plaintiff from receiving unemployment benefits. The district court held that an employer has the right to challenge a former employee's receipt of unemployment benefits and therefore doing so is not an adverse employment action for purposes of a discrimination claim. *Frederick*, 232 F.Supp.2d at 916. Likewise, this Court finds no adverse employment action post-termination has been alleged here to sustain an untimely claim of discrimination.

In arguing that this Court should equitably toll the statute of limitations, Dismukes

acknowledges that to satisfy the elements of equitable estoppel, he would have to show that defendants took active steps to prevent him from filing a claim against them. *Smith v. Potter*, 445 F.3d 1000, 1010 (7th Cir. 2007). Here, Dismukes asserts a new claim that the clerk of court did not release the record of the IDES hearings until January 17, 2012, and he filed his EEOC complaint two weeks later. The implication of this assertion is that he filed the EEOC charge as soon as he could. The EEOC charges that Dismukes attached to his Complaint were filed on October 15, 2012, not January 17, 2012, as he now asserts. Beyond this new argument, Dismukes makes no allegations from which this Court may infer that defendants took active steps to prevent him from filing the EEOC charge. Likewise, Dismukes' fraudulent concealment argument must fail because he asserts only that Meis and Tardy gave no reason for his termination on October 22, 2010. This fact does not suggest that defendants took any affirmative steps to conceal information necessary for Dismukes to file an EEOC charge. Equitable tolling is similarly inapplicable on this complaint and the Seventh Circuit has instructed that equitable tolling is "to be applied sparingly in Title VII cases." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010). This Court concludes that Dismukes's Title VII claims in Counts I and II are untimely and dismisses those counts on that basis.

II.      *42 U.S.C. §§ 1983, 1981 Claims*

Title VII, of course, prohibits race discrimination (among other forms) in the employment context, whereas section 1981 prohibits race discrimination in the making and enforcing of contracts. *See Kyles v. J.K. Guardian Security Servs., Inc.*, 222 F.3d 289, 302-03 (7th Cir. 2000). Defendants move to dismiss plaintiff's 42 U.S.C. §§ 1983, 1981 claims for three reasons: (a) the claims cannot be brought against the agency defendants because they are not persons and under the Eleventh Amendment, state agencies are the State, which cannot be sued under section 1983 and a plaintiff may not seek damages from the State under section 1981; (b) plaintiff's section 1983 claims in Counts I and II fail to state a claim because the individual defendants must have directly

participated in the constitutional violation and the allegations in the complaint only state that Meis and Tardy terminated Dismukes without giving a reason. This allegation only establishes that Dismukes was terminated on October 22, 2010; and (c) plaintiff's section 1981 claims against Meis and Tardy lack any facts from which the Court may infer that Meis and Tardy acted with discriminatory intent.

Dismukes concedes that he cannot bring the section 1983 and section 1981 claims against the State and agency defendants. The only individual defendants that Dismukes makes any allegation against are Tardy and Meis, his supervisors. Therefore, this Court dismisses the other individual defendants. Additionally, Dismukes' only allegations against Tardy and Meis are that they stated he was terminated for disciplinary reasons and that his replacement was a Caucasian woman. Since Dismukes does not suggest any comparators and an essential element of a disparate treatment claim is that similarly situated employees are treated differently, this Court concludes that Dismukes fails to adequately plead disparate treatment. *See, e.g., Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999).

Plaintiff's assertion that discriminatory intent can be inferred from the timing of his termination and the concealment by Tardy and Meis of the reason is also unavailing. Temporal proximity between an employee's protected activity and an adverse employment action is rarely sufficient by itself to show a correlation between the two. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 635 (7th Cir. 2011). With respect to his retaliation claims, neither Tardy nor Meis is alleged to have made the decision to deny Dismukes benefits, instead they merely provided testimony to the IDES Board of Review. Furthermore, an employer challenging a former employee's unemployment benefits is not an adverse action. "[U]nlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). Therefore, this Court also dismisses Counts I and II for

failure to state a claim under section 1983 and section 1981.

III.    *State Law Claims (Counts III, IV, V)*

Defendants move to dismiss Count III (defamation *per se* against Tardy and Meis) and count IV (defamation *per se* by the IDES Board of Review) as untimely. In Illinois there is a one year statute of limitations for defamation under 735 ILCS 5/13-201. Dismukes filed the original complaint in this case on November 2, 2012; therefore the alleged defamatory act must have accrued <u>after</u> November 2, 2011. Count III arises out of Tardy and Meis' alleged testimony before the IDES in March 2011 and Count IV arises out of the IDES Board of Review's June 11, 2011, decision to deny benefits. Therefore, Counts III and IV are untimely.

Defendants also move to dismiss Counts III, IV, and V as barred by the Illinois Lawsuit Immunity Act. 745 ILCS 5/1 ("Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court."). Defendants assert that, even though there are individually named defendants, the State of Illinois and its agencies (judiciary, IDES, AOIC) are the real parties in interest, and therefore the state claims are barred. "In the absence of a valid waiver of immunity or a statute overriding the state's immunity the state as such may not be sued in federal court." *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (dismissing DCFS as a defendant on the ground that as an agency of the State of Illinois it was entitled to immunity under the Eleventh Amendment). Defendants rely on *Luder v. Endicott*, for the proposition that this Court must consider that "even when a suit is against a public officer in his or her individual capacity, the Court is obliged to consider whether it may really and substantially be against the State." 253 F.3d 1020, 1023 (7th Cir. 2001).

Suits against state agencies and their officials are the equivalent of a suit against the state for immunity purposes. *Offor v. Ill. Dep't of Human Servs.*, 2013 U.S. Dist. LEXIS 6195, 11-12 (N.D. Ill.

Jan. 16, 2013)(Dow, J.) (dismissing claims, including IIED, based on immunity); *Lowe v. Cook County Circuit Court Clerk*, 2000 U.S. Dist. LEXIS 14080, 2000 WL 1372860, at * 5 (N.D. Ill. Sept. 22, 2000) (claims for breach of contract and intentional infliction of emotional distress against Illinois state agency dismissed based on doctrine of sovereign immunity); 745 ILCS 5/1; 745 ILCS 5/1.5. The Eleventh Amendment prohibits a federal court from adjudicating state law claims against the state and its agencies where, as here, it does not consent. *See, e.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984). Plaintiff argues that the doctrine of *Ex Parte Young* applies to avoid Eleventh Amendment sovereign immunity. The doctrine usually only applies where there is no available state forum and where an interpretation of federal law is necessary. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270-74 (1997). If Dismukes had alleged a continuing violation of federal law, which he has not, and nothing in either the complaint or in Dismukes' oral argument suggests that he could make such an allegation, the *Ex Parte Young* doctrine may apply to avoid immunity.

This Court finds that all of plaintiff's state law claims are subject to sovereign immunity, and also that Count III and IV are untimely. Additionally, Dismukes' IIED claim too minimally pleaded that it could be dismissed on that basis. His allegations that he suffered distress, emotional and physical, from the statements that he was terminated from employment for disciplinary reasons or misconduct are too conclusory to meet Rule 8 pleading standards. Therefore, Counts III, IV, and V are dismissed.

*IV.* *Civil Conspiracy*

Defendants move to dismiss Count VI for failure to state a claim of civil conspiracy because Dismukes fails to allege a federally protected right, evidence of an agreement between specific parties or any act in furtherance of a purported conspiracy. "A claim under section 1985(3) requires a racially motivated conspiracy to violate or interfere with a plaintiff's federally protected rights."

*Brown v. JP Morgan Chase Bank,* 334 Fed. Appx. 758, 759 (7th Cir. 2009). "Even under notice pleading, a complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims v. County of Bureau*, 506 F.3d 509, 517 (7th Cir. 2007).

Defendants also move to dismiss Count VI because Title VII cannot be bypassed. Put another way, plaintiff cannot use section 1985 or section 1983 to attempt to redress violations of Title VII, 42 USCS § 2000e. "[D]eprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979), superseded on other grounds. Similarly, "Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for violations of rights created by Title VII." *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989).

Dismukes' Amended Complaint alleges no factual support from which this Court may draw a reasonable inference of civil conspiracy. Without such factual support and considering the only deprivation of rights Dismukes' claims is racial discrimination under Title VII, the Court dismisses Count VI.

*V.     Title VII Claims and Eleventh Amendment*

Defendant argues that the Eleventh Amendment bars this suit as to all counts except those under Title VII because it is essentially a suit against the State of Illinois. This Court agrees. Under the Eleventh Amendment, the State and its agencies are immune from federal damages liability actions or suits unless the State waives the protections of the Eleventh Amendment or Congress abrogates the State's immunity. "A suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the government from acting, or to compel it to act." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 n. 11 (1984).

Dismukes' claims stem from his termination from employment at the AOIC and the subsequent denial of unemployment benefits by IDES, allegedly due to race discrimination and, therefore, his claims are really against the State of Illinois and its agencies since the individual defendants were merely carrying out their official duties. This Court therefore dismisses the Amended Complaint for this additional reason.

**Conclusion**

For the reasons stated herein, Dismukes' claims are untimely, subject to sovereign immunity, or otherwise not cognizable or adequately asserted. This Court grants defendants' motion to dismiss [59] and dismisses the Amended Complaint in its entirety with prejudice. Plaintiff's Motion for Reconsideration of this Court's denial of his motion for default judgment [49, 50] is denied. Civil case terminated.

IT IS SO ORDERED.

Date: July 2, 2014

Entered: _____

United States District Judge